UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINNY'S LANDSCAPING, INC.,

    Plaintiff,

Case No. 2:16-cv-10846

v.

HONORABLE STEPHEN J. MURPHY, III

KLOCHKO EQUIPMENT RENTAL
COMPANY, INC., et al.,

    Defendants.
_____/

**ORDER SETTING HEARING FOR PLAINTIFF'S PLACEHOLDER
MOTION (document no. 5), DENYING AS MOOT DEFENDANT'S MOTION
TO DISMISS (document no. 18) AND SETTING SCHEDULING CONFERENCE**

Plaintiff claims Defendants sent unsolicited faxes in violation of the Junk Fax Prevention Act, 47 U.S.C. § 227. Am. Compl. 1–3, ECF No. 28. Plaintiff brought the case as a putative class action on behalf of itself and others who allegedly received the unwanted faxes. *Id.* Three matters are now before the Court: a "placeholder" motion Plaintiff filed concurrently with its complaint, a motion to dismiss brought by one of Defendants, and the need for a scheduling conference.

I.  The Placeholder Motion

On the same day Plaintiff filed the initial complaint, it filed another motion — a so-called "placeholder" motion for class certification — and explained why the motion was necessary. *See* Mot., ECF No. 5. According to Plaintiff, defendants in class actions like this one will sometimes attempt to moot a plaintiff's claims by tendering an offer of judgment to the individual plaintiff but not to potential class members. *Id.* at 2. The "picking off" maneuver, according to plaintiff, limits a defendant's liability to the offer of judgment tendered to an individual plaintiff and prevents a class action from advancing. But a

pending motion for class certification stymies that result because prior decisions of the Sixth Circuit have made clear that if a motion for class certification is pending when an offer of judgment is made to an individual plaintiff — even if the individual accepts the offer — the class action can continue. *See, e.g.*, *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005).

Plaintiff therefore filed the instant motion "defensively." Although the motion ostensibly seeks class certification, the reasons given in support of certifying the class are thin, and understandably so: there has not yet been any discovery. The real purpose of the motion is clear from its title: to stand in the place of a more substantial motion to be filed at a later time and after the benefit of discovery. And the motion itself reinforces that purpose when Plaintiff asks the Court to allow the motion to "remain pending." Mot. 6, ECF No. 5.

None of the parties dispute the real purpose of the motion, but Defendants claim the motion is neither procedurally proper nor necessary. Resps., ECF Nos. 19, 21. They note that the Sixth Circuit addressed an issue much like this one earlier this year. In *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, the plaintiff also sued under the Junk Fax Prevention Act. 632 F. App'x 259 (6th Cir. 2016). Plaintiff rejected defendant's settlement offer and then amended its complaint to seek class certification. *Id.* at 260. Defendant "subsequently filed a motion to dismiss, arguing that because the rejected settlement offer covered all of [the plaintiff's] demanded relief, [the plaintiff's] claims were moot." *Id.* The district court denied the motion and the court of appeals affirmed. The court explained that even if it assumed that the settlement offer satisfied all of the plaintiff's demands, the plaintiff's claims "still give rise to a live case or controversy under

*Campbell–Ewald*" because "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Id.* (quoting *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)).

The plaintiffs in *Family Health* faced the same dilemma Plaintiff fears it might encounter here — but in *Family Health*, an offer of settlement *was* made and the mooting maneuver *was* attempted. Here, no settlement has been extended, and at least Defendant Wacker claims it "ha[s] no intention to do so." Resp. 3 n.2, ECF No. 19. In light of all the facts, available precedent, and especially the decisions in *Family Health* and *Campbell-Ewald*, the Court sees no need to keep a motion "pending" to protect the rights of potential class members. But prior to denying the motion without prejudice to file anew later, the Court will permit Plaintiff to orally argue its position when the parties appear for a scheduling conference in the case.

II. <u>Defendant Wacker's Motion to Dismiss</u>

Defendant Wacker moved to dismiss the complaint as to Wacker. Mot., ECF No. 18. Plaintiff then timely filed an amended complaint. *See* Am. Compl., ECF No. 28. Defendant Wacker's motion will be denied as moot.

III. <u>The Scheduling Conference</u>

The parties have already filed a discovery plan suggesting a bifurcated schedule that would first focus on Plaintiff's motion for class certification and, if the motion is granted, a second schedule would permit discovery on the merits and set other deadlines, including a trial date. Because some time has passed since the filing of the discovery plan, the Court will order the parties to update the discovery plan, if necessary, and file it in advance of the scheduling conference.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Wacker's Motion to Dismiss (document no. 18) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a scheduling conference pursuant to Civil Rule 16 is scheduled for **December 7, 2016 at 10:00 a.m.** before the Honorable Stephen J. Murphy, III, Theodore Levin U.S. Courthouse, Room 228, 231 W. Lafayette, Detroit, Michigan. The parties shall **FILE** an updated discovery plan, if any, at least **seven days** prior to the scheduling conference. The parties should prepare to briefly address plaintiff's pending "placeholder" motion at that time.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Acting Case Manager